UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:17-cv-01117-WTL-DML |
| | ) |
| CORIZON CORRECTIONAL MEDICAL | ) |
| CORPORATION et al., | ) |
| ROBERT E. CARTER, JR. IDOC | ) |
| Commissioner, | ) |
| MR. KEITH BUTTS Warden, | ) |
| BRUCE IPPEL Dr., Corizon Correctional | ) |
| Medical Corporation, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I. Standard of Review**

The plaintiff is a prisoner currently incarcerated at New Castle Correctional Facility ("New Castle"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Discussion of Complaint

Plaintiff Anthony Williams filed this civil action against Corizon Correctional Medical Corporation, Commissioner Robert E. Carter, Jr., Warden Keith Butts, and Dr. Bruce Ippel. The claim against Warden Keith Butts in his official capacity is really a claim against GEO Group. Accordingly, the **clerk is directed** to update the docket to reflect that GEO Group is a defendant in this action.

### A. Factual Allegations

Williams alleges that on January 8, 2017, at 11:30 p.m. he slipped and fell in the bathroom injuring his right knee. Williams alleges that he slipped because there was water on the floor as a result of another offender using the shower and the water not being properly contained or removed. Williams asked the unit officer to contact medical staff, but he refused. An incident report of the fall was not written.

At 9:00 a.m. the next morning (following shift change) Williams was taken to the medical department. He was seen by a nurse, given an ace bandage, instructed to elevate his leg and given aspirin for pain. His request for additional pain medication was denied. Williams requested a wheelchair. That request was denied, but he was given crutches.

On January 11, 2017, at 5:30 a.m., Williams slipped and fell on black ice on the sidewalk outside the chow hall adding further injury to his damaged right knee. Two officers and an offender helped him up, but no incident report was created.

On January 16, 2017, Williams submitted a medical health care request stating that he was still in pain. On February 6, 2017, Williams was issued a wheelchair and informed that his x-rays showed that he had a broken bone "in his right knee area." Dkt. 1 at 6.

On February 13, 2017, Williams was transported to Reid Orthopedic for additional x-rays and fitted with a sturdy brace. On February 20, 2017, Williams was transported to a hospital in Anderson, Indiana, for an MRI.

On March 7, 2017, Williams was transported to Reid Orthopedic and told that his bones in his right leg are not aligned as they should be and that the only way to correct this problem is with knee replacement surgery.

Williams alleges that he has repeatedly informed the named defendants of his circumstances and that they have consciously disregarded the substantial risk to his health. Dkt. 1 at p. 8.

Williams seeks a declaratory judgment, compensatory and punitive damages, and appropriate continuing care including knee replacement surgery.

**B. Legal Claims**

Williams claims that the circumstances alleged above reflect a series of failures by GEO Group (the corporation that runs New Castle Correctional Facility) and Corizon Correctional Medical Corporation (the company contracted to provide medical care to inmates). Williams claims that their custom of failing to provide appropriate medical care for serious medical needs has violated his Eighth Amendment rights. In particular Williams alleges an unnecessary delay in treatment and the denial of sufficient pain medication. A delay in treatment that causes unnecessary pain is actionable even if it did not exacerbate the injury or diminish the chances of a full recovery.

3

*See Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012) (holding that the plaintiff stated an Eighth Amendment claim because "even though this [four-day] delay [in treatment] did not exacerbate [the plaintiff's] injury, he experienced prolonged, unnecessary pain as a result of a readily treatable condition"); *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) ("A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain."). "Even a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference." *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Because Corizon and GEO Group act under color of state law by contracting to perform a government function, i.e., running a correctional institution or providing medical care to correctional facilities, they are treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Therefore, to state a cognizable deliberate indifference claim against Corizon or GEO Group, Williams must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Corizon and GEO Group. Williams has effectively alleged that these corporate defendants have a practice of delaying medical care (including pain medication) for serious medical needs and as a result his broken bone went undiagnosed for an excessive amount of time and he was only provided an ace bandage, crutches and aspirin for pain. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017) (holding that the failure to make policy itself may be actionable conduct). Williams has adequately alleged a policy claim against the corporate

4

defendants. **The claim that Williams' Eighth Amendment rights were violated by Corizon and GEO Group shall proceed.**

The plaintiff has also named Indiana Department of Correction's Commissioner Robert E. Carter, Jr., Warden Keith Butts, and Dr. Ippel as defendants. "A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted). Whether supervisory personnel at a prison are sufficiently involved in an alleged constitutional violation such that they may be liable for damages often depends on that person's knowledge of, and responsibilities regarding, the alleged harm. "'An inmate's correspondence to a prison administrator may...establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation.'" *Arce v. Barnes,* No. 15-3276, 2016 WL 5340268, *3 (7th Cir. Sept. 22, 2016) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 781–82 (7th Cir. 2015)). However, mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, --- F.3d ----, 2017 WL 396568, *3 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing

5

in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.").

Something more than generalized knowledge and inaction is required for personal responsibility. Such allegations are absent from the complaint. Accordingly, the individual defendants are dismissed. *See also Olive v. Wexford Corp.*, 494 Fed. Appx. 671, 673 (7th Cir. 2012) ("[The plaintiff] does contend that he complained to [the head of the prison medical department] Shicker about [his treating doctor's] decisions and that Shicker did not intervene to help him. But both *Iqbal* and *Burks* hold that a supervisor is not liable just because a complaint is made and an effective solution is not forthcoming."). Accordingly, the Amended Complaint fails to state a viable § 1983 claim against Commissioner Robert E. Carter, Jr., Warden Keith Butts, and Dr. Ippel. The **clerk is directed** to terminate these defendants on the docket.

### III. Further Proceedings

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants (1) GEO Group and (2) Corizon Correctional Medical Corporation in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The policy claims against GEO Group and Corizon are the only viable claims identified by the Court based on the allegations alleged in the complaint. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through June 15, 2017,** in which to identify those claims.

**IT IS SO ORDERED.**

Date: 5/17/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ANTHONY WILLIAMS
DOC # 254689
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

GEO Group
NEW CASTLE CORRECTIONAL FACILITY
1000 Van Nuys Road
NEW CASTLE, IN 47362

Corizon
103 Powell Court
Brentwood, TN 37027

Curtesy Copies to:

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
27 North Eighth Street
Richmond, IN 47374

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
8470 Allison Pointe Boulevard
Suite 420
Indianapolis, IN 46250